UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:02-CR-118-BO
NO. 5:12-CV-40-BO

| JAMES ELLIS UPCHURCH, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 20]. The government has responded [DE 23], and the matter is ripe for ruling. For the reasons discussed below, Petitioner's Motion is denied.

## BACKGROUND

Petitioner, Mr. Upchurch, pleaded guilty pursuant to a plea agreement on August 26, 2002, to a single count of felon in possession of a firearm in violation 18 U.S.C. §§ 922(g)(1) and 924. Mr. Upchurch was sentenced to 180 months' imprisonment on December 12, 2001, and judgment was entered on the court's docket on January 14, 2003. Mr. Upchurch did not file a direct appeal. Mr. Upchurch filed the instant motion on January 30, 2012, and, in light of the nature of his claim and pursuant to the Court's standing order, counsel was appointed to assist Mr. Upchurch. Counsel for Mr. Upchurch was permitted to withdraw from this action on April 13, 2012, after so moving and indicating that no motions would be filed on Mr. Upchurch's behalf.

## DISCUSSION

Mr. Upchurch contends that based on the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he is no longer an armed career criminal under 18 U.S.C.

§ 924(e) (ACCA) and should be re-sentenced accordingly. Although this Court has previously found *Simmons* to applicable retroactively on collateral review, such discussion is not necessary here because Mr. Upchurch is ineligible to benefit from the change in law announced in *Simmons*.

Mr. Upchurch contends that two of his ACCA predicate convictions, listed at ¶ 13 of his presentence report, are no longer felonies in light of *Simmons*. The convictions at ¶ 13 are for two counts of possession with intent to sell/deliver cocaine, and Mr. Upchurch received a sentence of six years custody, suspended and five years of supervised probation. Mr. Upchurch does not contest that each of these counts may be considered under ACCA as they were separated by an intervening arrest, but does contest their application under ACCA because he was not exposed to a maximum of ten years on each count as required for the convictions to be used as serious drug offenses under ACCA.

The ACCA requires the imposition of a minimum fifteen year term of imprisonment for defendants who violate 18 U.S.C. § 922 and have three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). Serious drug offenses are defined as, *inter alia*, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(ii). Whether or not a predicate state conviction is a serious drug offense, therefore, is not dependent on the sentence that could have been received by a particular defendant, but rather what the law of the state prescribes as the maximum punishment for a particular offense. Accordingly, whether or not Mr. Upchurch could have received a sentence in excess of one year, the inquiry now required

2

by *Simmons*, is not germane to whether Mr. Upchurch was convicted of a serious drug offense.[1]

As noted by Mr. Upchurch in his objection to the ACCA enhancement in his presentence report, Mr. Upchurch's criminal history clearly qualified him as an armed career criminal, and only a change in the existing law would cause him to no longer qualify. *Simmons* does not, however, provide a change in the existing law that would cause Mr. Upchurch to no longer qualify as an armed career criminal.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Mr. Upchurch is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether Mr. Upchurch is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537

---

[1] The ACCA defines violent felonies as "any crime punishable by imprisonment for a term exceeding one year" having an element of force, attempted force, etc. Accordingly, some defendants have been convicted of violent crimes but, following *Simmons*, those crimes are no longer considered felonies. *See e.g. United States v. Spanger*, No. 11-4316, 2011 WL 6230440 *1 (4th Cir. December 15, 2011) (finding that the holding in *Simmons* affected defendant's prior convictions deemed to be violent felonies under ACCA as defendant was not exposed to terms of imprisonment exceeding one year).

3

U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of Mr. Upchurch's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

Because Mr. Upchurch is facially ineligible from benefitting from any relief under the holding in *United States v. Simmons*, his Motion to Vacate, Set Aside, or Correct Sentence must be DENIED.

SO ORDERED, this 30 day of April, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4